**XIAO HUAN LIN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, United States Attorney General Michael B. Mukasey, Respondents.**

No. 08–0769–ag.

United States Court of Appeals, Second Circuit.

Nov. 13, 2008.

David A. Bredin, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Barry J. Pettinato, Assistant Director, John D. Williams, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiao Huan Lin, a native and citizen of China, seeks review of a January 31, 2008 order of the BIA affirming the May 5, 2006 decision of Immigration Judge ("IJ") Patricia A. Rohan denying her applications for asylum and withholding of removal. *In re Xiao Huan Lin,* No. A 98 323 146 (B.I.A. Jan. 31, 2008), *aff'g* No. A 98 323 146 (Immig. Ct. N.Y. City May 5, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Thus we "defer ... to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Substantial evidence supports the IJ's adverse credibility determination which was based on: (1) the inconsistency between Lin's testimony that she attended church services at her aunt's home and her identification of a photograph of a church as her aunt's home, and her later testimony that her aunt's home was, in fact, next door to the church depicted in the photograph; (2) the inconsistency between Lin's testimony that she did not have any pictures of her church in China and her prior submission of pictures of a building she claimed to be her church; (3) the omission from Lin's aunt's letter of any assertion that she was arrested, despite Lin's testimony that she was; (4) the inconsistency between the name and address of Lin's church in her application and the letter she submitted to show that she attended church services; and (5) the inconsistency between Lin's testimony that she had never attended baptismal classes and her asylum application, in which she stated that she was attending baptismal classes twice a week.

Lin asserts that many of these inconsistencies and omissions are minor or immaterial to her claim. However, under the REAL ID Act, which applies to Lin's application for relief, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin,* 534 F.3d at 167 (emphasis in original) (finding that an omission in a friend's letter that the friend was in hiding could, along with other omissions and inconsistencies, be the proper basis for an adverse credibility determination). Although Lin argues before this Court that she was scared during her hearing and simply forgot certain details, we will not consider that newly-minted explanation. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).

The IJ also found adverse to Lin's credibility that, despite her testimony that she had studied the Bible and listened to Bible stories and sermons for several years, she could not initially identify her favorite Bible story. Lin argues that a lack of doctrinal knowledge does not automatically render incredible an alien's religious persecution claim. Although we rejected in *Rizal v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006), an IJ's conclusion "that a certain level of doctrinal knowledge is necessary in order to be eligible for asylum on grounds of religious persecution," the IJ here did not rely solely on Lin's lack of doctrinal knowledge. Instead, she reasonably found that Lin's assertion that she had studied the Bible and listened to Bible stories for years was inconsistent with her initial inability to identify a favorite Bible story and response, "The Bible, it is very deep, I do not really understand it."

Taken as a whole, the IJ's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534

F.3d at 165–66. Therefore, the IJ properly denied Lin's application for asylum and withholding of removal because the only evidence that Lin would be persecuted depended on her credibility. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

We lack jurisdiction to review Lin's arguments regarding relief under the Convention Against Torture because she explicitly declined to seek such relief before the IJ and, therefore, failed to exhaust any such claim. 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir. 2006). Accordingly, we must dismiss the petition for review to that extent.

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).